IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0559-WJM-SKC

MATRIX TRUST COMPANY,

    Petitioner,

v.

MIDLANDS MANAGEMENT CORPORATION,
CALDWELL AND PARTNERS, INC.,
DENNIS J. OTTIS,
COLIN CALDWELL,
RICHARD BIRD, and
SHERYL CASE,

    Respondents.

---

**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD AND
DENYING PETITION TO VACATE ARBITRATION AWARD**

---

Matrix Trust Company ("Matrix") brings this action against Midlands Management Corporation ("Midlands") and its shareholders (collectively, the "Midlands Parties"), seeking to vacate an arbitration award ("Award").  Before the Court are Matrix's Petition to Vacate Arbitration Award ("Petition to Vacate") (ECF No. 1) and the Midlands Parties' Motion for Confirmation of Arbitration Award ("Motion to Confirm") (ECF No. 12).  For the reasons that follow, the Petition to Vacate is denied and the Motion to Confirm is granted.  The Award is confirmed in its entirety.

## I. BACKGROUND

Matrix is a trust company which provides custodial services for retirement funds. (ECF No. 1 ¶ 21.)  Midlands is a corporation, successor by merger to Caldwell and

Partners ("C&P").  (*Id.* ¶ 8.)  From December 2012 through December 2018, C&P was the sponsor and administrator of the Caldwell Plan, a retirement plan provided to C&P employees.  (*Id.* ¶ 18.)  In 2012, C&P appointed Vantage Benefits Administrators ("Vantage") to serve as a third-party administrator of its employee retirement accounts.  (*Id.* ¶ 19.)  Also in 2012, Matrix entered into a custodial account agreement ("CAA") with C&P and Vantage to process distribution payments for the Caldwell Plan.  (*Id.* ¶ 21.)

Between 2014 and 2017, Vantage would instruct Matrix to remit funds from the Caldwell Plan to an account owned by Vantage for distribution to Caldwell Plan beneficiaries.  (*Id.* ¶ 29.)  Matrix complied with the distribution requests and transferred the funds without further inquiry.  (*Id.*)  In 2018, the U.S. Federal Bureau of Investigation ("FBI") determined that Vantage had been orchestrating an illicit operation, requesting transfers of funds from its client companies and wiring the funds to its own officers.  (*Id.* ¶ 30.)  The FBI notified Matrix, which examined its financial records and determined that, of the nearly 700 transfer requests that Matrix processed at Vantage's direction between 2014 and 2017, 132 requests were fraudulent.  (*Id.* ¶ 29.)  Vantage's fraud resulted in the theft of approximately $5.76 million from the Caldwell Plan.  (*Id.*)

In July 2018, C&P filed a Complaint and Demand for Arbitration with the American Arbitration Association ("AAA"), against Matrix and several related entities, which were later dismissed.  (*Id.* ¶ 36.)  On December 28, 2018, C&P dissolved and merged into its subsidiary, Midlands, and the Midlands Parties replaced C&P as claimants in the arbitration proceeding.  (ECF No. 1-3 at 1; ECF No. 15 at 7.)  On March 1, 2019, the parties submitted the matter to a panel of three arbitrators (the "Tribunal"), appointed by the AAA, pursuant to the parties' CAA.  (ECF No. 1-3 at 1.)  The Midlands

Parties argued that Matrix was liable for Vantage's theft of Midlands' assets, and asserted claims for breach of contract, violation of Colorado's Uniform Commercial Code, and violations of the Employee Retirement Income Security Act ("ERISA"). (*Id.* at 2–3.) Matrix argued that the Midlands Parties' claims were moot and non-arbitrable, and that the Tribunal lacked jurisdiction to adjudicate the action. (*Id.* at 3.) Matrix further asserted a counterclaim against the Midlands Parties, seeking indemnification for any damages for which Matrix was found liable. (*Id.* at 10–11.)

After a six-day evidentiary hearing, on December 2, 2019, the Tribunal issued a decision, awarding a confidential sum to the Midlands Parties. (ECF No. 1-3.) The Tribunal found that Matrix was entitled to rely on representations from Vantage without any further duty of inquiry. (*Id.* at 5.) The Tribunal therefore denied all but the Midlands Parties' breach of contract claim. (*Id.*) It found that Matrix had committed gross negligence by remitting payments to Vantage. (*Id.* at 11.) The Tribunal also denied Matrix's counterclaim, reasoning that a party may not be indemnified for damages arising from its gross negligence. (*Id.*)

On February 27, 2020, Matrix filed its Petition to Vacate in this Court, requesting vacatur of the Award in its entirety on the basis that the Tribunal exceeded its authority. (ECF No. 1.) The Midlands Parties filed an Answer opposing the Petition to Vacate. (ECF No. 11.) On March 23, 2020, the Midlands Parties filed their Motion to Confirm, seeking confirmation of the Award. (ECF No. 12.) Matrix filed a Response opposing the Motion to Confirm. (ECF No. 15.)

## II. LEGAL STANDARD

The standard of review of arbitral awards is among the narrowest in the law. *See Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir. 1989); *see also Int'l Bhd. of Elec. Workers, Local Union No. 611, AFL-CIO v. Pub. Serv. Co. of N.M.*, 980 F.2d 616, 618 (10th Cir. 1992). A court will enforce an arbitral decision if it draws its essence from the parties' agreements and is not merely the arbitration panel's own brand of industrial justice. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). Courts may not reconsider the merits of an award even where the award may rest on errors of fact or misinterpretations of the parties' agreement. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Cal-Circuit ABCO, Inc. v. Solbourne Comput., Inc.*, 848 F. Supp. 1506, 1510 (D. Colo. 1994). As a result, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Misco*, 484 U.S. at 38.

## III. ANALYSIS

Matrix and the Midlands Parties submit cross-motions to vacate and to confirm the Award, respectively. (ECF Nos. 1 & 12.) Confirmation of the Award is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"), as provided in the parties' CAA. (ECF No. 1-1 at 11.)

**A.   Forfeiture of Vacatur Rights**

The Midlands Parties first argue that Matrix has forfeited its right to petition to vacate the Award because it failed to serve the Midlands Parties with notice of its

4

Petition to Vacate within three months, as required by the FAA. (ECF No. 11 at 4–5; see also 9 U.S.C. § 12.) Specifically, the FAA provides that

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

19. U.S.C. § 12. The Tenth Circuit strictly construes this provision and has held that a party's failure to timely comply results in complete forfeiture of the right to seek judicial review of an award. See Pfannensteil v. Merrill Lynch, Pierce, Fenner & Smith, 477 F.3d 1155, 1158 (10th Cir. 2007) (denying petition to vacate where the petitioner served notice four days after the deadline).

The Tribunal issued the Award on December 2, 2019. (ECF No. 1-3). Accordingly, Matrix was obligated to serve notice upon the Midlands Parties of its intention to pursue vacatur of the Award by March 2, 2020. See 19. U.S.C. § 12. Further, the FAA requires notice by United States Marshal, because the Midlands Parties are Oklahoma residents, and Matrix filed this action in Colorado. (ECF No. 1 ¶¶ 9–14; see also 19. U.S.C. § 12.)

The Midlands Parties state that Matrix never served them with notice of its Petition to Vacate, attaching five affidavits to their Response which attest that service was not effected as of March 17, 2020. (ECF Nos. 11-2, 11-3, 11-4, 11-5 & 11-6.) Significantly, Matrix does not rebut this assertion in any subsequent filing, and Matrix's

5

Petition to Vacate does not contain a certificate of service. (ECF No. 1.) Accordingly, Matrix has forfeited its right to seek vacatur by failing to comply with the service requirement. *See Pfannensteil*, 477 F.3d at 1158. Because Matrix has waived the right to judicial review, the Court does not reach the merits of its challenge to the Award.

**B.     Enforcement of Arbitration Award**

As stated, the Midlands Parties seek confirmation of the Award. (ECF No. 12 at 1.) Matrix opposes confirmation of the Award, reiterating the arguments in its Petition to Vacate that the Tribunal exceeded its authority by misinterpreting the CAA, disregarding relevant law, and awarding indirect or consequential damages. (ECF No. 15 at 1–2.)

Again, the review of arbitral awards is exceedingly deferential, and courts are bound to enforce such awards the award is modified or vacated. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (stating that "§ 9 carries no hint of flexibility in unequivocally telling courts that they 'must' confirm an arbitral award, 'unless' it is vacated or modified."). As stated, Matrix forfeited its right to seek vacatur of the Award by failing to serve notice within the prescribed time limitation. *See Pfannensteil*, 477 F.3d at 1158. As the Award has not been vacated or modified, the Court must confirm it. *See Hall St. Assocs., L.L.C.*, 552 U.S. at 587. Accordingly, the Award is confirmed in its entirety.

## IV. ATTORNEYS' FEES AND COSTS

In addition to seeking confirmation of the Award, the Midlands Parties request that the Court enforce a provision in the CAA allowing costs and attorneys' fees to the "prevailing party" in a dispute between the parties. (ECF No. 12 at 4.) The Midlands Parties further request a conditional award of costs and attorneys' fees in the event that

Matrix appeals the Court's decision. (*Id.*) They note that the Tribunal awarded them attorneys' fees at the arbitral level, relying on the CAA provision. (*Id.*) Matrix did not respond to the Midlands Parties' request for attorneys' fees and costs. (*See generally* ECF No. 15.)

The decision to award attorneys' fees in an action to enforce an arbitral award is within the district court's discretion. *United Steel Workers of Am. v. Ideal Cement Co.*, 762 F.2d 837, 843 (10th Cir. 1985). Whether to award attorneys' fees remains discretionary at the enforcement level even where a provision in a contract provides for an award of costs and fees to a prevailing party at the arbitral level. *See Curtiss Simmons Capital Res., Inc. v. Edward Kraemer & Sons, Inc.*, 23 F. App'x 924, 931 (10th Cir. 2001) (holding that district court did not abuse its discretion in denying costs and fees incurred in confirming arbitral award in spite of contract providing for costs and fees to prevailing party). A prevailing party may recover attorneys' fees where the opposing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fabricut, Inc. v. Tulsa Gen. Drivers, Warehousemen & Helpers, Local 523*, 597 F.2d 227, 230 (10th Cir. 1979) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)) (upholding denial of attorney's fees in arbitration award confirmation action where district court found no bad faith).

Although Matrix's vacatur action was unsuccessful, the Court finds that Matrix's conduct does not rise to the level of bad faith warranting an award of attorneys' fees to the Midlands Parties. Additionally, the Midlands Parties do not cite authority supporting a conditional award of attorney's fees in anticipation of future litigation, and the Court

7

finds that such an award would be premature and indefinite.  Accordingly, the request for attorneys' fees is denied.

As for the Midlands Parties' request for an award of costs, Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs.  Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.  The Midlands Parties are therefore entitled to costs reasonably expended in this action.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Matrix's Petition to Vacate (ECF No. 1) is DENIED;

2. The Midlands Parties' Motion to Confirm (ECF No. 12) is GRANTED;

3. The Tribunal's December 2, 2019 Arbitration Award is CONFIRMED in its entirety;

4. The Clerk shall enter judgment in favor of the Midlands Parties and against Matrix as specified in the Award; and

5. The Midlands Parties shall be awarded their costs incurred in this action upon the filing of a bill of costs, in accordance with the procedures under Federal Rule of Civil Procedure 54(d) and District of Colorado Local Civil Rule 54.1.

Dated this 4th day of January, 2021.

BY THE COURT:

William J. Martinez
United States District Judge